UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| VALDEZ N. MAXWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:09-CV-008-PPS |
| | ) | |
| SOUTH BEND WORK RELEASE | ) | |
| CENTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Valdez Maxwell's motion for leave to file a second amended complaint [DE 117]. Defendant Imperial Stamping Corporation opposes the motion, contending that leave to amend after the close of discovery would cause undue delay and unfair prejudice [DE 121]. Defendants South Bend Work Release Center and various SBWRC employees (the "State Defendants") also oppose the motion, on the same grounds [DE 122]. For the reasons discussed below, the Court **GRANTS** Maxwell's request for leave to amend [DE 117].[1]

## BACKGROUND

Maxwell filed the operative *pro se* complaint on January 7, 2009, against Imperial and the State Defendants [DE 1]. The complaint alleges a claim for employment discrimination under Title I of the Americans with Disabilities Act ("ADA"), along with alleged violations of Title VII of the Civil Rights Act of 1964, Section 1981, and Maxwell's due process rights [*Id.*].

---

[1] I addressed Maxwell's pending motion for leave on the record, during the July 27, 2010 telephonic status conference [DE 124]. At the time, and upon review of the parties' briefing on this motion, I indicated that I would deny the motion, and that I would issue this ruling in a written order. Upon further review of the briefing, I have decided to grant the motion, for the reasons herein. I apologize to the parties for the inconvenience this change of course may have caused.

Specifically, Maxwell, who is disabled and African American, alleges that the Defendants' acts of race-based and disability-based discrimination prevented him from obtaining employment at Imperial [*Id.*].

On April 27, 2009, Maxwell filed seven separate amended complaints, collectively naming as additional defendants IDOC and various employees of Imperial and SBWRC [DE 28-34]. On the following day, the Court issued a scheduling order that set a June 23, 2009 deadline for amending the pleadings and adding new parties [DE 37]. The day after that, Bobby Potters entered an appearance on behalf of Maxwell [DE 40].

The Court then conducted a Section 1915 frivolity review, and, in its May 1, 2009 order, either dismissed or struck each of the amended complaints, including on the grounds that they were deficient under Rule 8(b) [DE 42]. The May 1, 2009 order also gave Maxwell until May 16, 2009 to file a second amended complaint that would consolidate the claims the Court found Maxwell could pursue [*Id.*].

Maxwell, however, did not meet this May 16, 2009 deadline. Nor did he file an amended complaint by the scheduling order's June 23, 2009 deadline. During the period between these deadlines, Maxwell and Mr. Potters apparently suffered a breakdown in communication, culminating in the Court granting Mr. Potters leave to withdraw, on June 10, 2009, less than two weeks before the June 23 deadline for amending [DE 50].

On October 16, 2009, Kent Hull entered his appearance on Maxwell's behalf [DE 64]. Six weeks later, the Court issued an order denying a motion to dismiss that Imperial had filed before Mr. Hull appeared [DE 69]. That order also granted Maxwell until December 16, 2009 to amend his complaint, given that he had recently obtained counsel [*Id.*].

Maxwell, however, did not amend by the December 16, 2009 deadline.  Indeed, he did not file the pending motion for leave to amend until July 14, 2010, nearly seven months after that deadline, and more than two months after the May 5, 2010 close of discovery [DE 82].[2]

Prior to the close of discovery, on April 7, 2010, Maxwell filed two motions for partial summary judgment, against Imperial and SBWRC, respectively [DE 76 & 78].  Those motions seek summary judgment against these defendants on each of their respective affirmative defenses [*Id.*].  These motions state that Maxwell's ADA claim is under Title II (disability discrimination in public services), despite that the ADA claim in the complaint is alleged under Title I (disability discrimination in employment) [DE 76, ¶ 3; DE 78, ¶ 3].  Moreover, attached to Maxwell's motion directed at Imperial is Maxwell's affidavit, from which many of the allegations in the proposed second amended complaint are drawn [DE 76-1].

The amended pleading Maxwell seeks leave to file is significantly different from the original complaint.  In particular, the proposed amended complaint (i) substitutes Maxwell's existing claim under Title I of the ADA for a claim under Title II of the ADA; (ii) drops Maxwell's existing Section 1981 and adds a claim under Section 1983; (iii) adds a number of new allegations relating to those claims; and (iv) names the Commissioner of IDOC as a new defendant and drops several individual defendants [DE 117-1].

---

[2]The Court reopened discovery on June 6, 2010 for the limited purpose of resolving motions to compel additional deposition testimony from Maxwell and certain responses to written discovery requests [DE 86].  The Court subsequently granted the motions to compel, and Maxwell's additional deposition was completed on July 9, 2010.  The parties indicated at a July 27, 2010 status that discovery is now complete, but for minor details, such as obtaining Maxwell's signature on the transcript of the additional deposition.

**DISCUSSION**

Federal Rule of Civil Procedure 15(a) provides that if a party is not entitled to amend a pleading as a matter of course, he may do so only with the opposing party's written consent or leave of court. District courts are afforded broad discretion to decide motions for leave to amend pleadings. *Soltys v. Costello*, 520 F.3d 737, 743 (7th. Cir. 2008). And "[a]lthough the rule reflects a liberal attitude towards amending pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Id.*

Undue delay alone, however, is not a sufficient basis for denying leave to amend. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004). Rather, to support denial, such delay must be coupled with another reason -- most commonly unfair prejudice, but also bad faith, a dilatory motive, or when the proposed amendment would be futile. *Id.*; *see also Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005); *Bethany Pharmacal Co. v. QVC, Inc.,* 241 F.3d 854, 861 (7th Cir. 2001).

**I.  Undue Delay**

Generally, undue delay occurs when a motion to amend would "transform" or prolong the litigation unnecessarily. *Eckstein v. Balcor Film Investors*, 58 F.3d 1162, 1170 (7th Cir. 1995). In determining whether undue delay has occurred, courts consider the similarity of the factual basis for the claims in the original complaint to the proposed new claims, the movant's explanation for waiting to raise the new claims, whether the movant is attempting to introduce a new theory of the case, and whether granting the motion to amend will require new or duplicated discovery efforts. *Bethany,* 241 F.3d at 861; *Johnson v. Methodist Med. Ctr. of Ill.*, 10 F.3d 1300, 1304 (7th Cir. 1993); *Murphy v. White Hen Pantry Co.*, 691 F.2d 350, 353 (7th Cir. 1982).

Here, Maxwell offers no explanation for waiting this long to seek leave to amend, nearly seven months after the December 16, 2009 deadline for amending, and more than two months after the May 5, 2010 close of discovery. Maxwell's counsel appeared before both of these events. And he appears to have known well before filing the pending motion for leave that Maxwell's ADA claim should have been stated under Title II. Indeed, counsel asserts in his motion papers that, by at least November 2009, he believed Maxwell's ADA claim should have been stated under Title II, rather than Title I [DE 118]. And Maxwell's April 2010 motions for partial summary judgment assert (incorrectly) that Maxwell has stated his ADA claim under Title II, rather than Title I.

Maxwell does not contend that the new claims and allegations he now seeks to add are based on newly discovered facts. Indeed, Maxwell explains that the new allegations are drawn from his own affidavit, which he filed along with the pending motions for partial summary judgment, more than three months before filing the pending motion for leave [DE 118]. The proposed new Title II and Section 1983 claims also apparently rely on the same factual basis underlying the claims in the original complaint, though the underlying facts are substantially amplified by the allegations in the proposed amended pleading.

In light of these circumstances, Maxwell's failure to explain why amendment did not take place sooner is a sufficient basis to find undue delay. *See Bethany*, 241 F.3d at 861-62 (finding alternative basis on which district court could have denied leave to amend on grounds of undue delay where requested additional claim was available to the plaintiff all along); *Johnson*, 10 F.3d at 1304 (leave to file third amended complaint denied when motion was made six months after plaintiffs learned of the allegations but failed to seek an amendment until faced with summary judgment).

For the reasons discussed in the following section, however, I find that the undue delay here is not accompanied by undue prejudice, or other factors, such as bad faith or dilatory motive, that would support a denial of leave to amend.

## II. Undue Prejudice

The amount of prejudice to the nonmovant is a "significant factor" in determining whether to grant leave to amend, and it is often considered together with undue delay. *Dubicz*, 377 F.3d at 792. Courts have found undue prejudice where an amended pleading would require the nonmovant to engage in substantial discovery, or where the moving party seeks to introduce a new legal theory that would require discovery to be reopened. *Johnson*, 10 F.3d at 1304; *Murphy*, 691 F.2d at 353 (district court did not abuse discretion in refusing to allow plaintiffs to amend their complaint where motion was filed after parties had completed discovery and where amended pleading would inject an entirely new theory into the litigation).

The Title II claim that Maxwell seeks to inject into this case presents a novel theory of liability. Maxwell's original Title I claim required him to show that his employer failed to make reasonable accommodations for his disability. *See* 42 U.S.C. § 12112(b)(5)(A); *see also Stevens v. Ill. Dep't of Transp.*, 210 F.3d 732, 736 (7th Cir. 2000) (setting forth Title I elements). His proposed Title II claim trades this employment-based theory of liability for a theory that the Defendants are liable as public entities that refused to accommodate his disability. *See* 42 U.S.C. § 12132; *see also Wisconsin Cmty. Servs.*, 465 F.3d at 753 (setting forth elements of Title II claim).

The Section 1983 claim that Maxwell seeks to add would also inject a novel theory of liability into the case. The operative complaint alleges a Section 1981 claim for alleged race-

6

based employment discrimination [DE 1].[3] Maxwell's proposed amended pleading drops this claim, and adds a different theory of liability under Section 1983: that the Defendants violated his rights under the Eighth and Fourteenth Amendments to the federal Constitution, by subjecting him to cruel and unusual punishment [DE 117-1, ¶ 28].

These new claims, and the related new allegations, may require the reopening of discovery. Nonetheless, I do not find the undue prejudice, or other factors, needed to deny leave, particularly given the following countervailing considerations.

*First*, though additional discovery may be needed to defend against the new Section 1983 and Title II claims, none of the Defendants has said so. To be sure, Imperial points out that its discovery was not designed to obtain information pertaining to a Title II claim. But it does not indicate that it would need additional discovery to defend against a Title II claim. Indeed, Imperial states that a Title II claim would be easier than a Title I claim for it to defeat in a dispositive motion.

*Second*, none of the Defendants has filed a dispositive motion, or responded to Maxwell's pending motions for summary judgment. So leave to amend would not appear to require any duplication of effort in this regard.

*Third*, I am not persuaded that Maxwell's failure to timely amend the pleadings is the result of bad faith or a dilatory motive, particularly given the upheavals in Maxwell's representation around the time of the various deadlines for amending. As noted, the Court's December 1, 2009 order set a December 16, 2009 deadline for amending the pleadings, in light of Mr. Hull's recent appearance. But that extension was buried at the end of an order denying

---

[3] More than a year ago, the Court found that Maxwell had failed to state a Section 1981 claim against Imperial [DE 42].

7

Imperial's motion to dismiss. And the deadline does not appear in the docket text for the order denying the motion to dismiss; so it is not apparent from a review of the docket, as deadlines for amending usually are. Granted, Mr. Hull should have read the order, along with the rest of the case history. But his failure to register that deadline is not without explanation, and it certainly does not indicate bad faith or dilatory conduct on Maxwell's part.

As for the two prior deadlines for amending the pleadings—May 16, 2009 and June 23, 2009—those occurred during a time when Maxwell was clearly having difficulty with Mr. Hull's predecessor counsel, Mr. Potters. Mr. Potters appeared just weeks before the May 16, 2009 deadline. And the Court gave him leave to withdraw less than two weeks before the June 23, 2009 deadline. It is understandable how the deadlines for amending could fall through the cracks amidst the breakdown in communication that supported the Court's decision to grant Mr. Potters leave to withdraw.

Finally, and perhaps most importantly, I am concerned that a denial of Maxwell's motion for leave would require him to proceed with the operative *pro se* form complaint, which provides only the barest sketch of what this case is about. It has long been "axiomatic that district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim." *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006) (quoting *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996)). Moreover, it is incumbent upon me to take appropriate measures to permit the adjudication of *pro se* claims on the merits, and to "ensure that the claims of a *pro se* litigant are given a fair and meaningful consideration." *Pruitt v. Mote*, 503 F.3d 647, 666 (7th Cir. 2007) (citation omitted).

Maxwell is of course no longer a *pro se* litigant. But I find that the above principles weigh in favor granting leave to amend here, considering that Maxwell has proceeded without counsel throughout several key points in this litigation, and a denial of leave would require him to continue with a *pro se* complaint.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff Valdez Maxwell's Motion for Leave to File a Second Amended Complaint [DE 117]. Plaintiff is granted leave to file the proposed second amended complaint, in the form attached as Exhibit 1 to the motion for leave [DE 117-1], *instanter*. Moreover, because Plaintiff's pending motions for partial summary judgment are based on the original complaint, those motions are now **DENIED** as **MOOT** [DE 76 & 78].

This cause of action is **REFERRED** to the Honorable Christopher A. Nuechterlein, United States Magistrate Judge, for the purpose of supervising the discovery relating to the claims, allegations, and parties named in the second amended complaint.

**SO ORDERED**.

ENTERED: August 13, 2010                                /s/ Philip P. Simon
                                                        PHILIP P. SIMON, CHIEF JUDGE
                                                        UNITED STATES DISTRICT COURT