UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| VALDEZ N. MAXWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:09-CV-008-PPS-CAN |
| | ) | |
| SOUTH BEND WORK RELEASE CENTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# OPINION AND ORDER

On June 28, 2010, Magistrate Judge Nuechterlein granted Defendants' respective motions to compel and permitted Defendants to file bills of costs for those motions [DE 107]. This matter is before the Court on Plaintiff Valdez Maxwell's objection to the Magistrate's order [DE 125]. Because the Magistrate's order was not clearly erroneous or contrary to law, the Court **AFFIRMS** it, and thus declines to modify or set aside any portion of that order. As for the bills of costs, the Court, for the reasons discussed below, reduces defendant Imperial's expenses to $1,755, and reduces the State Defendants' expenses to $3,000.

## BACKGROUND

The Magistrate's referral in this case initially terminated on May 5, 2010, at the close of discovery [DE 82]. During a subsequent status conference before this Court, the State Defendants indicated their intention to file a motion to compel relating to questions that Maxwell, per the instruction of his counsel, refused to answer at his deposition [DE 86]. Defendant Imperial also indicated its intent to file a motion to compel, relating to Maxwell's

responses to Imperial's written discovery, primarily Maxwell's deficient document production [*Id.*]. The Court therefore referred the case back to the Magistrate to resolve these motions.

The Defendants filed the motions as anticipated [DE 87 & 91], and the Magistrate heard oral argument on June 24, 2010 [DE 105]. The Magistrate's June 28, 2010 order granted both motions, requiring Maxwell to submit to an additional deposition by the State Defendants on the questions the Magistrate found Maxwell had improperly refused to answer, and requiring Maxwell to organize his responses to Imperial's document requests in accordance with Rule 34 [DE 107]. The order also granted Defendants leave to file bills of costs relating to the two motions to compel, and Maxwell leave to file any objections to the bills of costs [*Id.*].

In the bills of costs, Imperial seeks $4,735.50 and the State Defendants seek $3,875 plus additional expenses yet to be determined [DE 111-112]. Maxwell filed an objection to the Magistrate's order [DE 125] which is what is presently before me. Maxwell's objection takes issue only with the Magistrate's ruling on the motion to compel additional deposition testimony, not the ruling on the motion relating to Maxwell's document production [*Id.*].

Maxwell did not file an objection to the bills of costs, despite receiving an extension of time to do so [DE 124]. In his reply supporting his objection to the Magistrate's order, however, Maxwell contends that the bills of costs are conclusory because they include no evidence as to the reasonableness of the hourly rates and time spent on the itemized tasks [DE 136 at 5].

## DISCUSSION

Federal Rule of Civil Procedure 72(a) governs the appeal of a magistrate judge's order on a nondispositive motion, such as the motions to compel at issue here. In reviewing such an order, the district judge shall consider the objections to the magistrate judge's order and shall

modify or set aside any portion of the order found to be "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). "The clear error standard means that the district court can overturn the magistrate judge's ruling [on discovery matters] only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). So this Court will set aside Magistrate Judge Nuechterlein's order only to the extent that it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

I.  **Motion to Compel Deposition Testimony**

The Magistrate granted the State Defendants' motion to compel additional deposition testimony because he found that Maxwell's refusals to answer certain lines of questioning were groundless. At the hearing on this motion, Maxwell's counsel, Kent Hull, argued that he was justified in instructing his client not to answer because the information sought was either irrelevant or inadmissible [DE 107 & 123]. The Magistrate, however, found that the questions Maxwell refused to answer met the Rule 26 standard of being "reasonably calculated to lead to the discovery of admissible evidence," and that Maxwell's relevance and admissibility objections were thus improper [DE 107]. The Magistrate further found that counsel's instructions not to answer were improper because they were not based on a privilege objection [*Id.*]. As to Maxwell's contention that the questioning was inflammatory, the Magistrate observed that Maxwell's refusal to answer such questions was improper absent a motion to terminate or limit the deposition under Rule 30(d)(3) [*Id.*].

Maxwell's principal ground for objecting to this ruling is that the Magistrate supposedly ignored the fact that the deposition questions at issue were subject to a law enforcement privilege, deriving from Maxwell's alleged "police-related employment,"

3

presumably as a police informant [DE 125 at 3]. This argument is a non-starter because Maxwell raises it for the first time in his objection. Arguments not raised before a magistrate judge and raised for the first time in the objections filed before the district judge are waived. *See U.S. v. Moore,* 375 F.3d 580, 584 n.2 (7th Cir. 2004); *U.S. v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000). Maxwell's counsel did not assert a law enforcement, or any other, privilege objection at the deposition, nor did Maxwell raise this issue in either the briefing on the motion to compel, or during the hearing. Accordingly, this argument is waived, and the Court declines to address it further.

Maxwell's remaining objection to the order compelling additional deposition testimony is not persuasive. Essentially, Maxwell's counsel contends that the Magistrate failed to take account of Maxwell's supposedly justifiable outrage at certain topics of inquiry, including questions about his criminal history, prior drug use, and use of aliases [DE 125 at 2-3]. Maxwell is simply incorrect. The Magistrate specifically found that this area of questioning was fair game [DE 107]. In so ruling the Magistrate noted that he was "highly disturbed" by Maxwell's "vulgar, and intimidating statements," and "disappointed and disturbed" at Maxwell's counsel's failure to calm down his client during the deposition [DE 107 at 5].

This Court agrees that Maxwell's conduct at the deposition was unacceptably disruptive and aggressive. Here is a representative exchange between Maxwell and the State Defendants' attorney, Ms. Bowker:

> Q: How many aliases have you used?
>
> \*     \*     \*
>
> A: What's that got to do with anything? I already told you, I've worked for the United States government as a covert operative,

4

strike force with the Minneapolis Police Department, with the FBI, the U.S. Customs, ATF here locally, the Department of Justice. . . . Give me a break. How naive can you be? Jesus Christ. Shit. Federal agents didn't give a damn about me using an alias. They told me to use an alias. What the hell are you talking about?

Q: Have you used the name Val Santius Charles?

A: Jesus Christ. Why?

Q: I'm asking you because that's a name that I have that you used as an alias.

A: What else have you got?

Q: Well, can you answer that question?

A: You know, you're full of shit. . . . This is all bullshit.

\*  \*  \*

MR. HULL: Okay. Mr. Maxwell, let me clarify.

THE WITNESS: Shit.

MS. BOWKER: I don't appreciate you yelling at me.

THE WITNESS: I don't appreciate you asking me some bullshit. It's bullshit.

[DE 89-2, Tr., 230:4-231:25.]

The Court also agrees with the Magistrate that Maxwell's counsel, Mr. Hull, not only could not control Maxwell's inappropriate outbursts, he emboldened him by implying that his behavior was justified:

MR. HULL: I'm going to ask that you simply answer the questions and leave it --

THE WITNESS: Shit. Damn it. Motherfuckers.

5

MS. BOWKER: I'm going to ask that you stop shouting at me and stop using curse words.

THE WITNESS: Let me tell you something, you don't be – you don't be paternalistic to me. Okay? You have no right to be paternalistic to me.

MR. HULL: Okay. Mr. Maxwell.

THE WITNESS: Do you understand me?

MR. HULL: Mr. Maxwell . . .

      \*     \*     \*

THE WITNESS: You don't tell me anything.

MR. HULL: Mr. Maxwell . . .

THE WITNESS: You understand me? Nothing.

MS. BOWKER: No, I don't understand you.

THE WITNESS: Well, you better get a – you better get a quick grip. You don't tell me nothing.

      \*     \*     \*

MR. HULL: I'm going to ask you to stop talking. If you want me to be your lawyer, you're going to have to stop talking, and answer her questions the way she's asking them.

THE WITNESS: Don't tell me what to do.

MR. HULL: All right.

THE WITNESS: I ain't your child.

MR. HULL: I'm going to state for the record that, quite frankly, Ms. Bowker, you started part of this when you asked him questions that were totally inappropriate. He is still angry about it.

[DE 89-2, Tr., 275:25-278:1.]

Both of these excerpts demonstrate that Maxwell's deposition had simply gone off the rails, through a combination of Maxwell's unruliness and his counsel's inability to correct the behavior, or put a stop to the deposition. The Seventh Circuit has held that, where a party believes a deposition is being conducted in bad faith, the proper course of action under Rule 30(d)(3) is to "halt the deposition and apply for a protective order." *Redwood v. Dobson*, 476 F.3d 462, 467 (7th Cir. 2007). This is what Maxwell's attorney should have done, particularly given his belief that Maxwell's behavior was provoked by improper questioning. The Magistrate was right to find that Maxwell's refusal to answer the State Defendants' questions, however inflammatory Maxwell felt them to be, was improper absent a Rule 30(d)(3) motion.

Accordingly, because this Court is not left with a "definite and firm conviction that a mistake has been made" as to the Magistrate's ruling on the State Defendants' motion to compel, the Court affirms the Magistrate's order granting that motion.

## II.     Bills of Costs

Discovery sanctions may be imposed where, as here, a deponent refuses to answer a question, and the opposing party successfully moves to compel. *See* Fed. R. Civ. P. 30(d)(2) ("The court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent."). Discovery sanctions may also be imposed where, as the Magistrate found here, a party's document production violates Rule 34(b)'s requirement that documents must be produced as they are kept in the ordinary course of business. *See Rothman v. Emory University*, 123 F.3d 446, 455 (7th Cir. 1997) (affirming sanctions where plaintiff turned

over three large banker boxes containing unrelated and unorganized information); *see also In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 351, 363 (N.D. Ill. 2005).

Moreover, Rule 37(a)(5) contains a presumption that the prevailing party on a motion to compel is entitled to expenses, including attorneys' fees. Fed. R. Civ. P. 37(a)(5)(A) (court must require the party or attorney whose conduct necessitated a motion to compel to "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees"); *see also Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786-787 (7th Cir. 1994) ("[t]he great operative principle of [Rule 37(a)(5)] is that the loser pays"). Any award of sanctions, however, "must be proportionate to the circumstances surrounding the failure to comply with discovery." *Crown Life Insurance Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993). And Rule 37(a)(5)(A) mandates an award of only those expenses that are "reasonable." Moreover, Rule 37(a)(5)(A)(iii) provides that the court must not order payment if "other circumstances make an award of expenses unjust." Accordingly, the only fees this Court will grant will be those that (a) the movant demonstrably incurred; (b) are reasonable; and (c) are in fact the product of Maxwell's failure to answer deposition questions (in the case of the State Defendants' motion), or failure to produce documents in conformity with Rule 34 (in the case of Imperial's motion), and the motion practice and discovery that ensued in connection with such failures. *Cf. Alek v. University of Chicago Hospitals*, No. 99 C 7421, 2001 WL 1543518, at *1 (N.D. Ill. Nov. 30, 2001); *Illinois Tool Works, Inc. v. Metro Mark Products, Ltd.*, 43 F. Supp. 2d 951, 962 (N.D. Ill. 1999).

To determine the reasonableness of attorneys' fees, I must multiply the number of hours reasonably expended on the work by a reasonably hourly rate, a technique known as the lodestar method. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

**A.     Imperial's Bill of Costs**

According to Imperial's bill of costs, three people worked on this matter: attorney Hesser ($270/hour), attorney Leazenby ($250/hour) and paralegal Shumaker ($105/hour) [DE 111]. Based on these rates, Imperial requests a total of $4,735.50 in fees in connection with its motion to compel [*Id.*], and the clerk has taxed costs in the same amount [DE 113]. Maxwell contends that Imperial's evidence of the reasonableness of these rates is insufficient, but he does not otherwise object to these rates [DE 136 at 5]. The Court, however, finds the rates to be reasonable. Some of Imperial's attorneys' time entries also appear reasonable. Other entries, however, appear either excessive or not reasonably related to the motion to compel. These will be either reduced or denied.

All of the time entries for Mr. Leazenby and Ms. Shumaker—a total of seven hours—are for hours spent reviewing Maxwell's document production [DE 111, ¶¶ 1-2]. Time may be excluded if the work most likely would have still been performed in the absence of a motion to compel. *Cf. Heneghan v. City of Chicago*, No. 09 C 0759, 2010 WL 3715142, at *3 (N.D. Ill. Sept. 14, 2010). Here, it appears that the time spent reviewing documents, however poorly they were organized, probably would have been done regardless of the motion to compel. This is a close call. But the movant bears the initial burden of documenting that its hours are reasonable. *See Tomazzoli v. Sheedy*, 804 F.2d 93, 96 (7th Cir. 1986). And Imperial failed to carry this

9

burden with respect to the attorney time spent on document review. Imperial's fees for document review are therefore denied.

Mr. Hesser spent 7.4 hours drafting the motion to compel papers [DE 111, ¶ 3b-d]. The hours worked on these papers appear higher than usual, particularly given that the memorandum is just three pages, and cites no case law. Accordingly, the Court reduces this entry to 3.5 hours. *Cf. Arrington v. La Rabida Children's Hosp.*, No. 06 C 5129, 2007 WL 1238998, at *3 (N.D. Ill. Apr. 25, 2007) (reducing requested time when brief in support of motion to compel cited no case law); *Mattenson v. Baxter Healthcare Corp.*, No. 02 C 3283, 2003 WL 22317677, at *1 (N.D. Ill. Oct. 9, 2003) (two hours reasonable for three page motion).

Mr. Hesser spent three hours preparing for, traveling to and from, and attending the hearing on the motion to compel [DE 111, ¶ 3f]. The time spent preparing for and attending the hearing is related to the motion to compel. *Cf. Heneghan*, 2010 WL 3715142, at *2. Accordingly, fees for this time entry are granted

Mr. Hesser spent 5.5 hours preparing for, traveling to and from, and attending the continued deposition of Maxwell [DE 111, ¶ 4]. Maxwell's continued deposition is unrelated to Imperial's motion, which was limited to the issue of Maxwell's written discovery responses. Accordingly, fees for this time entry are denied.

Mr. Hesser spent 1.8 hours on the non-itemized activities of reviewing Maxwell's production, correspondence with Maxwell regarding the parties' discovery dispute, and a proposed motion to compel [DE 111, ¶ 3a]. As before, the Court will not grant fees for this document review, which likely would have been done regardless of the motion to compel. The time spent communicating with opposing counsel, however, is related to the motion to compel.

*Cf. Budget Rent-A-Car Sys., Inc. v. Consol. Equity, LLC*, No. 04 C 1772, 2005 WL 6088859, at *2 (N.D. Ill. Aug. 3, 2005). So is the time spent reviewing the proposed motion to compel.

But this entry provides the Court with no way of determining how much of the 1.8 hours was allocated to these allowable activities as opposed to document review. As the moving party, Imperial has the burden of documenting the hours spent with enough specificity to determine whether they are reasonable. *Hensley*, 461 U.S. at 433; *Huss v. IBM Medical And Dental Plan*, No. 07 C 7028, 2010 WL 2836743, at *6 (N.D. Ill. Jul. 15, 2010). And entries that lack enough specificity to determine if the time was reasonable may be reduced or eliminated. *Hensley*, 461 U.S. at 433; *Huss*, 2010 WL 2836743, at *6. Because I have no way of unbundling them, and the burden is on Imperial, the fees for this time entry are denied.

Finally, Mr. Hesser spent 1.7 hours on the non-itemized activities of reviewing Maxwell's document production, preparing for the hearing on the motion to compel, and reviewing Maxwell's responses to both motions to compel [DE 111, ¶ 3e]. Of these activities, only the fees for preparing for the hearing and reviewing Maxwell's response to Imperial's motion are allowable. But once again, this entry provides the Court with no way of determining how much of the 1.7 hours was allocated to these allowable activities. Thus, fees for this entry are also denied. *See Hensley*, 461 U.S. at 433; *Huss*, 2010 WL 2836743, at *6.

This leaves a total of 6.5 attorney hours at a rate of $270 per hour that the Court will grant, for a total of $1,755.

**B.    The State Defendants' Bill of Costs**

Laura Bowker was the only attorney to work on this matter ($250/hour) [DE 112]. Based on this rate, the State Defendants request a total of $3,875 in fees in connection with their motion

11

to compel [*Id*.], and the clerk has taxed costs in the same amount [DE 114]. The State Defendants also seek an order requiring Maxwell to pay the costs of the videographer and court reporter for the continued deposition the Magistrate ordered, once the State Defendants receive the bill for such costs [DE 112]. Maxwell contends that the State Defendants' evidence of the reasonableness of its attorney's rate is insufficient, but he does not otherwise object to the rate [DE 136 at 5]. I find Ms. Bowker's rate to be reasonable, particularly in light of her 24 years of experience practicing law [DE 112, ¶ 5].

Ms. Bowker, who lives in West Lafayette, Indiana, spent 6.75 hours traveling to and from, and attending the hearing on the motion to compel; she also spent 8.75 hours traveling to and from and taking Maxwell's continued deposition [*Id*., ¶ 12]. These are the only tasks for which the State Defendants seek attorney's fees [*Id*.]. And Maxwell does not object to either category, other than to contend that the State Defendants provide no evidence that the time spent on these tasks is reasonable [DE 136, ¶ 5].

As for the 6.75 hours relating to the hearing on the motion to compel, the time spent preparing for and attending the hearing is related to the motion to compel. *Cf. Heneghan*, 2010 WL 3715142, at *2. So fees for this time entry are granted.

As for the 8.75 hours relating to the continued deposition, the State Defendants are not entitled to attorney's fees for the time *during* Maxwell's subsequent deposition. Such deposition time would have occurred even if Maxwell had answered the State Defendants' questions the first time around. Ms. Bowker's travel time to and from Maxwell's subsequent deposition, however, is reasonably related to the motion to compel. The bill of costs does not indicate what portion of this 8.75 hours was spent on travel time, as opposed to deposition time. Ms. Bowker's

12

6.75-hour time entry for travel to and from and attending the hearing on the motion to compel, however, contains a clue. That hearing appears to have lasted 1.5 hours [DE 100 & 123], which leaves 5.25 hours for travel time between West Lafayette and South Bend for the hearing. Assuming the deposition, like the hearing, was conducted in South Bend, where Maxwell resides, Ms. Bowker likely also spent 5.25 hours traveling to and from the deposition. Accordingly, the Court reduces the entry for 8.75 hours to 5.25 hours.

This leaves a total of 12 attorney hours at a rate of $250 per hour that the Court will grant, for a total of $3,000.

The Court denies the State Defendants' request for videographer and court reporter costs for Maxwell's continued deposition. The Court normally would award such expenses. Rule 37, however, gives the Court discretion to limit or deny sanctions where other circumstances make such an award unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii). Mr. Hull has represented that Maxwell is unemployed and indigent [DE 123 at 14]. The Court finds that these circumstances make an award of sanctions in addition to the $3,000 already awarded in the State Defendants' favor unjust.

## C. Against Whom to Award Sanctions

The remaining issue as to sanctions is whether expenses should be assessed against (1) Maxwell; (2) Maxwell's counsel, Mr. Hull; or (3) both. Rule 37(a)(5)(A) permits the Court to award expenses against the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both. Fed. R. Civ. P. 37(a)(5)(A); *cf. Redwood v. Dobson*, 476 F.3d 462, 469-70 (7th Cir. 2007) (applying Rule 30(d)(2) sanctions to an attorney for improperly instructing his client not to respond to questions). The Magistrate found, and this

Court agrees, that Maxwell's counsel, Mr. Hull, not only improperly objected to the State Defendants' deposition questions, but that Mr. Hull's improper objections, and instructions to his client not to answer, encouraged Maxwell's highly inappropriate behavior at the deposition [DE 107 at 5]. The Court therefore finds that Maxwell and his counsel are equally responsible for necessitating the motion to compel Maxwell's deposition testimony. Accordingly, expenses relating to the motion to compel Maxwell's deposition testimony are awarded against Maxwell and his counsel, Mr. Hull, jointly and severally.

As for the motion to compel relating to Maxwell's document production, the Court finds that Mr. Hull is chiefly responsible for Maxwell's failure to organize his document production in accordance with Rule 34's requirements. Therefore, expenses relating to Imperial's motion to compel are awarded only against Mr. Hull.

## CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** Magistrate Judge Nuechterlein's June 28, 2010 order [DE 107] in its entirety, and declines to modify or set aside any portion of that order. Correspondingly, the Court **DENIES** Plaintiff's objection to that order [DE 125]. Defendant Imperial is entitled to sanctions in the amount of $1,755, and the State Defendants are entitled to sanctions in the amount of $3,000. Mr. Maxwell and Mr. Hull are jointly and severally responsible for the award of $3,000 in the State Defendants' favor. Mr. Hull is solely responsible for the award of $1,755 in Imperial's favor. The State Defendants' request for expenses relating to the videographer and court reporter fees for Maxwell's continued deposition [DE 112] is **DENIED**. The clerk is instructed to ensure that the docket entries relating to the costs taxed in this matter [DE 113-114] are adjusted in conformity with this order.

**SO ORDERED**.

ENTERED: October 25, 2010                              /s/ Philip P. Simon
                                                       PHILIP P. SIMON, CHIEF JUDGE
                                                       UNITED STATES DISTRICT COURT